UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM WYNN, JR., : | Civil Action No.: |
| : | |
| **Plaintiff,** : | |
| v. : | |
| : | |
| NEW HAVEN BOARD OF EDUCATION : | |
| : | |
| **Defendants** : | July 7, 2021 |

## COMPLAINT

NOW COMES, by and through his attorney of record, Plaintiff, William Wynn for his complaints against Defendants as follows:

## PRELIMINARY STATEMENT

This is an action for equitable relief and damages as a result of Defendants' violations of the anti-discrimination and anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et. seq.*; Connecticut's Fair Employment Practices Act, C.G.S. §46(a)-51 *et seq.;* C.G.S. §46a-60 *et seq*, for employment discrimination and harassment on the basis of race; and state tort claims on the basis of Slander, Defamation and Defamation per se.

## THE PARTIES

William Wynn (hereinafter "Plaintiff") is a 57-year-old African American male individual of the full age of majority and a citizen of the State of Connecticut, who resides at 196 Gando Drive, New Haven, CT 06513.

The New Haven Board of Education (hereinafter "NHBE") was and is an agent or entity of the City of New Haven with its principal place of business located at 54 Meadow Street, #3, New Haven, CT 06519, and is an employer as defined under C.G.S. §46a-60.

## JURISDICTION AND VENUE

The jurisdiction of this court is founded upon 28 U.S.C. §1331 and 28 U.S.C. §1343. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) in that the claims arose in this district and Plaintiff resides in this district. Supplemental jurisdiction over Plaintiff's supplemental state law claims is invoked pursuant to 28 U.S.C. §1367(a) because they are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

## ADMINISTRATIVE HISTORY AND
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has exhausted administrative remedies. Plaintiff filed timely claims of discrimination with the Equal Employment Opportunity Commission ("EEOC") which were duly filed with the Connecticut Commission on Human Rights and Opportunities ("CHRO") against Defendant NHBD. Plaintiff was granted a release of jurisdiction to

pursue his claims in court from the EEOC (Case No. 523-2020-01133) on April 8, 2020 and from the CHRO (Case No. 2130076) on June 29, 2021.

## **FACTUAL BACKGROUND**
### (Relevant to all Counts)

1. Plaintiff is an employee of the Defendant New Haven Board Education. In his seventeen (17) years of employment, Plaintiff has always performed his position in an above average manner. Plaintiff has consistently maintained satisfactory or above performance evaluations and has never received any written warnings or any other disciplinary action.

2. At the start of the 2019-2020 school year the New Haven Board of Education was faced with significant transportation challenges relating to the busing of its school aged students. That issue resulted in media coverage, as well as hundreds of parental complaints being received by the school district.

3. As a result of that busing issue and the numerous parental complaints, Superintendent of Schools, Dr. Carol Birks requested an all-hands-on-deck response, and the Plaintiff was among the many hands involved in supporting the Board with its transportation challenges. Plaintiff rose to the challenge and only after a few short weeks, the issues were able to be resolved.

4. As a direct result of Plaintiff's demonstrated skill and ability in performing the job requirements of the Transportation Director position, Plaintiff was personally contacted by Dr. Carol Birks and notified that she had submitted and recommended that Plaintiff be promoted into the Transportation Director position,

a position that was unable to be filled and had been posted as an open position for almost 600 days.

5. A few weeks later on or about October 2019, Dr. Carol Birks was notified that her contract was being bought out by the School Board and she was subsequently removed from her superintendent position.

6. After Dr. Birk's separation as Superintendent of schools, the Board voted to implement Dr. Iline Tracey, as interim Superintendent of Schools.

7. Upon Dr. Tracey stepping into the Interim Superintendent of School's position, Plaintiff's promotional opportunity into the Transportation Director position was rescinded and Dr. Tracey opened the position to external applicants.

8. Out of the 63 applications received by the Board for the Transportation Director position, Plaintiff was the only internal applicant.

9. Based on precedence of past administration, Defendant's hiring process routinely included direct participation by its internal Human Resources personnel.

10. However, for unexplained reasons, Defendant's Human Resources personnel were not included or present during Plaintiff's interview for the position. Plaintiff was informed by a human resource representative that this was an uncommon and out of the ordinary practice.

11. Plaintiff further learned that Dr. Iline Tracey had begun executing adverse, derogatory, and unpleasant feelings or opinions against the Plaintiff, including advising other staff members that Plaintiff was "lazy" and "incapable" of performing the position.

12. On January 26, 2020, Plaintiff submitted a written letter to the Defendant Board of Directors, asking for an investigation into what he believed was a biased and discriminatory hiring process for the Transportation Director position.

13. One of the Board Members [Goldson] voiced his concerns that he believed Plaintiff was being subjected to an unfair and biased "whisper campaign" and on January 29, 2020, he requested that the Board delay voting on the hiring of a new Transportation Director until the concerns outlined in Plaintiff's letter were investigated.

14. The Board disregarded the concerns raised by the Plaintiff or by Board Member Goldson and proceeded with hiring an external Caucasian male [Britt Liotta] for the position.

15. Defendant Board Members did not investigate Plaintiff's allegations and proceeded forward with the hiring of another candidate who accepted the position on February 3, 2020, and approximately two weeks later resigned from the position.

16. Plaintiff as one (1) of four (4) potential final applicants during the initial hiring process for the Transportation Director position was given no consideration when the position once again became available only two (2) weeks later.

17. On February 23, 2020, Dr. Tracey reiterated her defamatory and slanderous negativity against the Plaintiff wherein Dr. Tracey advised a local newspaper journalist, which was thereafter published, that she had heard the internal candidate was "lazy."

18. Plaintiff once again submitted his application for the position, but Plaintiff is now being subjected to discrimination and retaliation, wherein over the course of several months, Defendant has conducted interviews for the position, but Plaintiff's application has not been acknowledged.

19. Given Mr. Wynn's seventeen (17) years with the school board, his educational background, his recently demonstrated ability to perform in the transportation director position, as well as the recommendation from the prior superintendent of schools, Plaintiff being bypassed for the position became highly suspect.

20. On or about March 20, 2020, Plaintiff filed a formal discrimination and retaliation complaint with the EEOC.

## COUNT ONE
## Discrimination in Violation of 42 U.S.C §2000e, *et seq.*
## Race and Color Discrimination

1. Plaintiff repeats and realleges each and every allegation set forth in the Factual Background, with the same force and effect as if more fully set forth herein.

2. Plaintiff, a long-term employee and the only internal applicant for the promotional position of Transportation Director, was bypassed for that promotion due to an unlawful stereotype on the basis of his race and color, when he was accused of lack of skill or integrity in his profession.

3. Dr. Tracey, without cause or valid reason, disseminated to other administrators, staff members and the general public that the Plaintiff was "lazy" and that he was "incapable" even prior to the Plaintiff interviewing for the position.

4. Plaintiff was treated less favorably than other Caucasian Defendant applicants who were not subjected to a whispering campaign based on a racial stereotype.

5. Plaintiff was denied the promotional opportunity based on nothing more than assumptions or stereotypes that black males are unskilled and lazy resulting in an adverse employment action motivated by race and color discrimination.

6. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered, continues to suffer injury and damages including embarrassment, inconvenience, humiliation, reputational damage, loss of earning capacity and potential, severe mental anguish, pain, suffering, litigation expense including attorney's fees, medical expense consequential damages and other injury.

7. As a result of said discriminatory conduct, the Plaintiff has suffered damages and is entitled to recover all relief available under the federal statute, including punitive damages.

## COUNT TWO
### Retaliation in Violation of 42 U.S.C. §2000e, *et seq.*

8. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

9. Plaintiff was one (1) of four (4) candidates for the Transportation Director position out of a total of approximately 63 applicants being considered for that position.

10. On January 26, 2020, Plaintiff filed a formal complaint with Defendant Board members outlining his belief that the school board was subjecting him to, and engaging in, a biased and discriminatory hiring process.

11. Defendant Board Members did not investigate Plaintiff's allegations and proceeded forward with the hiring of another Caucasian candidate who accepted

and was officially hired to start in that position on February 3, 2020. That individual however resigned from the position approximately two weeks later.

12. Upon the newly hired Transportation Director resigning, Plaintiff as one (1) of four (4) finalists during the initial hiring process for the Transportation Director position was thereafter given no consideration for the position when it once again became available only two (2) weeks later.

13. On February 23, 2020, Dr. Tracey reiterated her defamatory and slanderous negativity against the Plaintiff wherein Dr. Tracey advised a local newspaper journalist, which was thereafter published, that she had heard the internal candidate was "lazy."

14. Plaintiff filed a formal discrimination complaint with the Equal Employment Opportunity Commission on March 20, 2020.

15. Defendants engaged in a course of conduct designed to retaliate and which did retaliate against Plaintiff for his opposition to discrimination in violation of Title VII.

16. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered, continues to suffer injury and damages including embarrassment, inconvenience, humiliation, reputational damage, loss of earning capacity and potential, severe mental anguish, pain, suffering, litigation expense including attorney's fees, medical expense consequential damages and other injury.

17. As a result of said retaliatory conduct, the Plaintiff has suffered damages and is entitled to recover all relief available under the federal statute, including punitive damages.

## COUNT THREE
### Discrimination in Violation of C.G.S. 46a-60(a)(1)

18. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

19. Dr. Tracey, without cause or valid reason, disseminated to other administrators, staff members and the general public that the Plaintiff was "lazy" and that he was "incapable" even prior to the Plaintiff interviewing for the position.

20. Plaintiff was treated less favorably than other Caucasian Defendant applicants who were not subjected to a whispering campaign based on a racial stereotype.

21. Plaintiff was denied the promotional opportunity based on nothing more than assumptions or stereotypes that black males are unskilled and lazy resulting in an

22. Defendants' treatment of Plaintiff constitutes employment discrimination on the basis of his race and color in violation of C.G.S. 46a-60(b)(1).

23. As a result of the aforesaid conduct, the Plaintiff has suffered damages and is entitled to recover all relief available under the state statute, including punitive damages.

## COUNT FOUR
### Retaliation in Violation of C.G.S. 46a-60(b)(4)

24. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25. Defendants engaged in a course of conduct designed to retaliate and which did retaliate against Plaintiff for his opposition to discrimination in violation of Title VII.

26. On January 26, 2020, Plaintiff filed a formal complaint with Defendant Board members outlining his belief that the school board was subjecting him to, and engaging in, a biased and discriminatory hiring process.

27. Plaintiff filed a formal discrimination complaint with the Equal Employment Opportunity Commission on March 20, 2020, which was duly filed with the Commission on Human Rights & Opportunities.

28. Defendant Board Members did not investigate Plaintiff's allegations and proceeded forward with the hiring of another candidate who accepted the position and then approximately two weeks later resigned.

29. Plaintiff as one (1) of four (4) potential final applicants during the hiring process for the Transportation Director position was given no consideration when the position once again became available only two (2) weeks later.

30. Defendants engaged in a course of conduct designed to retaliate and which did retaliate against Plaintiff for his opposition to discrimination in violation of Title VII.

31. As a result of the aforesaid conduct, the Plaintiff has suffered damages and is entitled to recover all relief available under the state statute, including punitive damages.

## COUNT FIVE
## Slander

32. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. Plaintiff was employed with the Defendant for seventeen (17) years and throughout all of that time, Plaintiff always maintained satisfactory or above job performance.

34. Defendant's newly hired Interim Superintendent of Schools conduct of verbally disseminating publicly that Plaintiff was "lazy" and "unqualified" were not only false, but those false statements publicly slandered Plaintiff's good name.

35. Knowingly making untrue or misleading statements diminished the esteem, respect, goodwill of confidence in which the Plaintiff is held and executed adverse, slanderous and unpleasant opinions about the Plaintiff during the hiring process for the Transportation Director position.

36. As a result of the Defendant's action, Plaintiff was bypassed for that promotional opportunity and not even considered for the position when it once again became available a few weeks later.

37. As a result of the aforesaid conduct, the Plaintiff has suffered damages and is entitled to recover all relief available under the state statute, including punitive damages.

## COUNT SIX
## Defamation/Defamation Per Se

38. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

11

39. Plaintiff was employed with the Defendant for seventeen (17) years and throughout all of that time, Plaintiff always maintained satisfactory or above job performance.

40. Defendants newly hired Interim Superintendent of Schools conduct of admitting to stating that Plaintiff was "lazy" and "unqualified" knowing full well that her confession would be disseminated in written form by the local media, defamed the Plaintiff's reputation and good name.

41. Knowingly making untrue or misleading statements diminished the esteem, respect, goodwill of confidence and integrity in Plaintiff's profession. The Defendant's actions executed adverse, defamatory and unpleasant opinions about the Plaintiff during the hiring process for the Transportation Director position.

42. As a result of the Defendant's action, Plaintiff was bypassed for that promotional opportunity and not even considered for the position when it once again became available a few weeks later.

## COUNT SEVEN
### Intentional Infliction of Emotional Distress

43. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. The aforesaid acts of the Defendant were intended to cause the Plaintiff humiliation and emotional distress, and the Defendants knew that by their actions and inaction, the Plaintiff would suffer humiliation and emotional distress.

45. The action of the Defendant resulted in character assassination and was nothing more than a smear campaign attacking Plaintiff's good name, reputation and work

ethic causing the Plaintiff extreme emotional upset and damage to his personal and professional reputation.

46. The aforesaid acts of the Defendants as set forth herein were extreme and outrageous and exceeded all bounds of human decency.

47. As a result of the Defendants' conduct, the Plaintiff was caused to suffer severe emotional distress and extreme humiliation and is therefore entitled to money damages.

## **PRAYER FOR RELIEF**

Wherefore Plaintiffs claim the following:

48. Compensatory damages;

49. Costs incurred herein, including reasonable attorney's fees to the extent allowable by law;

50. Punitive damages and expert witness fees;

51. Prejudgment interest;

52. That this Court retain jurisdiction over this matter;

53. Such other relief as the Court deems just, fair and equitable.

                                  The Plaintiff,
                                WILLIAM WYNN

By: _/s/_____

Cynthia R. Jennings, Esq.
(Juris No. 418241 and Federal Bar No. ct21797)
55 Filley Street
Windsor, CT 06095
Tel: 860.883.6947
attorneyjennings@gmail.com